IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM FREDERICK MCKNIGHT, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-14-603 |
| | : | **FILED** |
| KEVIN BISHOP, | : | **SCRANTON** |
| | : | (Judge Conaboy) |
| Respondent | : | APR 0 3 2014 |

PER _____ CT
DEPUTY CLERK

## MEMORANDUM
### Background

William Frederick McKnight, who is presently confined at the Wayne County Correctional Facility, Honesdale, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is Warden Kevin Bishop of the Wayne County Correctional Facility. The required filing fee has been paid.

It is initially noted that by Memorandum and Order dated April 1, 2014 this Court dismissed without prejudice a similar recent habeas petition filed by McKnight. See McKnight v. Bishop, Civil No. 3:CV-14-574.

Petitioner's latest action again describes himself as being a 75 year old pre-trial detainee who is "very ill." Doc. 1 ¶ 9. McKnight reiterates that he was arrested on Pennsylvania state charges of bring a convicted felon in possession of a firearm. Petitioner adds that he has been confined for nine (9) months

1

awaiting trial on that charge and is unable to post bail.

As was the case with his prior action, Petitioner is challenging the legality of his ongoing detention on the grounds that the search warrant which led to his arrest was based on deliberately altered and falsified documents. See id. at ¶ 13. McKnight's pending Petition also indicates that he has received ineffective assistance of counsel and that the state trial court acted improperly by refusing to consider his motion to strike the indictment and by not reducing his bail.[1] Petitioner again seeks his release from custody.

### Discussion

**Standard of Review**

As previously discussed by this Court's April 1, 2014 Memorandum and Order, habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). Rule 4 provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

---

[1] Attached to the Petition is a copy of a pro se motion for change in venue which McKnight recently filed with the state trial court.

Frivolous petitions, ones obviously lacking merit, or where the necessary facts can be determined from the petition itself may be dismissed without review of an answer. Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

McKnight clearly admits that he is a a pre-trial detainee who has not yet been convicted or even tried with respect to the ongoing state criminal prosecution which is being challenged in this action. Since "federal habeas corpus is substantially a post-conviction remedy," this Court only has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus. See Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975). It has been recognized that federal jurisdiction should not be exercised at the pre-trial stage "unless extraordinary circumstances are present." Id. at 443; see also, Calihan v. Superior Court, 158 Fed. Appx. 807 (9th Cir. 2005)("[p]rinciples of comity and federalism" generally require abstention from deciding pre-conviction habeas challenges).

The United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1981), similarly held that "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). Younger established a three part test for federal

court abstention which requires district courts to inquire whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id.

Federal court intervention is only justified when a habeas petitioner faces the threat of suffering irreparable harm. See Dombrowski v. Pfister, 380 U.S. 479, 482 (1965); Coruzzi v. State of N.J., 705 F.2d 688, 690 (3d Cir. 1983). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of Pennsylvania, No. CIV. A. 93-1662, 1993 WL 239311, at *3 (E.D. Pa. June 28, 1993).

The Court of Appeals for the Third Circuit in Moore concluded that extraordinary circumstances did not exist to permit adjudication of a speedy trial claim because the applicant "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts." Moore, 515 F.2d at 449.

As was the case with McKnight's earlier action, his pending

4

petition does not set forth any facts which could suggest that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or thereafter (if necessary) raise those claims before the Pennsylvania state appellate courts. As discussed above, attached to the Petition is a copy of a pre-trial state court petition for change of venue dated March, 2014 which includes all of the same arguments which McKnight wishes to raise before this Court. See Doc. 1, p. 10.

There are no facts asserted by Petitioner which could support an argument that he faces irreparable harm with respect to his pending state criminal prosecution or that he is facing the type of extraordinary circumstances contemplated under Moore and Younger which would warrant immediate intervention by this Court. Petitioner's pending allegations, especially his assertions of being arrested on the basis of falsified documents and ineffective assistance of counsel are of a serious nature. Nonetheless, McKnight's claims do not constitute the type of extraordinary circumstances contemplated by Moore and Younger. This conclusion is underscored by the fact that there is no argument by Petitioner that the alleged deficiencies in his state criminal prosecutions cannot be corrected by the Pennsylvania state appellate courts.

Under the circumstances presented herein, intervention by this Court is not warranted at this juncture. Abstention is required in this case out of deference to the integrity of the state judicial process. Consequently, the petition for a writ

of habeas corpus will be dismissed without prejudice.  An appropriate Order will enter.

                                                      _____
                                                      RICHARD P. CONABOY
                                                      United States District Judge

DATED: APRIL 3rd, 2014